UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRA MARLOWE and MELANIE
MARLOWE,

    Plaintiffs,

v.                                                                  Case No:   2:18-cv-245-FtM-38MRM

IRONSHORE SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Compel Appraisal, filed on September 28, 2018.  (Doc. 32).  Plaintiffs Ira Marlowe and Melanie Marlowe request that the Court compel an appraisal of the property at issue pursuant to the terms of Plaintiffs' insurance policy.  (*Id.* at 1-2).  Defendant Ironshore Specialty Insurance Company filed a Response on November 8, 2018.  (Doc. 37).  In the Response, Defendant states that the parties have reached an agreement as to the pending Motion to Compel Appraisal.  (*Id.* at 1-2).

For the reasons explained below, the Undersigned respectfully recommends that Plaintiffs' Motion to Compel Appraisal (Doc. 32) be **GRANTED**.

### BACKGROUND

On April 13, 2018, Defendant removed this action to federal court.  (*See* Doc. 1).  In the Complaint, Plaintiffs allege that they entered into an insurance policy with Defendant and the policy provided insurance during Hurricane Irma for the property at issue in this case.  (Doc. 2 at 2).  Plaintiffs claim that the property sustained direct physical damage.  (*Id.*).  Plaintiffs allege that they provided prompt notice of the damage and have complied with all the obligations under

the insurance policy. (*Id.*). Plaintiffs claim that Defendant failed to provide complete coverage for the physical damage that occurred during the time the insurance policy was in effect. (*Id.*). Plaintiffs bring a claim for Breach of Contract (Count I) and Declaratory Relief (Count II). (*Id.* at 2-4).

The Homeowners 5 – Comprehensive Form (HO 00 05 05 11) contains the following provision regarding appraisals:

> **F. Appraisal**
>
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
> Each party will:
> 1. Pay its own appraiser; and
> 2. Bear the other expenses of the appraisal and umpire equally.

(Doc. 2-1 at 40). Plaintiffs assert that they have invoked the appraisal provision. (Doc. 32 at 2). At the time the Motion was filed, Defendant opposed the relief requested. (*Id.* at 2-4). The parties have now reached an agreement as to Count II of the Complaint and the instant Motion. (Doc. 37 at 2).

## ANALYSIS

In a diversity case, the substantive law of the forum state – in this case Florida – applies. *Winn-Dixie Stores, Inc. v. Dolgencorp*, LLC, 746 F.3d 1008, 1020 (11th Cir. 2014). "Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. *Gonzalez v. Am. Sec. Ins. Co.*, No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla.

2

Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal." *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 2:18-CV-103-FTM99MRM, 2018 WL 3526672, at *3 (M.D. Fla. July 23, 2018) (citations omitted). To evaluate the amount of loss, an appraiser is tasked with determining both the extent of the covered damage and the amount to be paid for repairs. *Id.* (citing *Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.*, 162 So. 3d 140, 143 (Fla. 2d Dist. Ct. App. 2014)).

In the instant case, the parties reached the following agreement as to Count II of the Complaint and the pending Motion to Compel Appraisal:

- allowing this matter to proceed to appraisal;
- delineation of the appraisal award, including a specific description and dollar amount for each building element or other item included within the award;
- staying the instant action pending completion of the appraisal, but requiring the parties to file joint status reports every 45 days;
- retention of jurisdiction by the Court to select an umpire if the parties' appraisers cannot mutually agree upon the selection of the umpire; and
- preserving Ironshore's ability to challenge the amount of attorney's fees sought by the Marlowes in connection with Count II of the Complaint, including but not limited to the ability to challenge the reasonableness of the hourly rates charged or the number of hours expended.

(Doc. 37 at 2). The Court finds that the parties' agreement comports with the terms of the insurance policy and applicable legal authority.

Thus, the Undersigned recommends that the Motion to Compel Appraisal (Doc. 32) be granted and the presiding District Judge adopt the agreed upon terms proposed by the parties.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

That the Motion to Compel Appraisal (Doc. 32) be **GRANTED** as follows:

    1)    The action be stayed pending the completion of the appraisal process;

2)     The parties be required to file joint status reports every 45 days notifying the Court of the status of the appraisal proceeding;

3)     The Court reserve jurisdiction to appoint an umpire, in the event that the parties' appraisers cannot agree on an umpire;

4)     Nothing in this Report and Recommendation or any Order relating to the Report and Recommendation be construed as limiting Ironshore's ability to challenge the amount of attorney's fees sought by the Marlowes in connection with Count II of the Complaint, including but not limited to the ability to challenge the reasonableness of the hourly rates charged or the number of hours expended; and

5)     Any appraisal award be delineated, such that each damaged building element and all other items included within the award be specifically described and the dollar amount of each such element or item be identified.

Respectfully recommended in Chambers in Ft. Myers, Florida on November 16, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties